DISTRICT COURT OF THE UNITED STATES
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:17-cv-335-FDW

| | |
|---|---|
| ULYSSES BURRAGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| SUPERIOR COURT OF BUNCOMBE ) | |
| COUNTY, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint, (Doc. No. 1), as well as his *pro se* Letters requesting to amend, (Doc. No. 9, 11), and "Amendment of Claim," (Doc. No. 10).

**I.     BACKGROUND**

*Pro se* Plaintiff Ulysses Burrage, a pretrial detainee at the Buncombe County Detention Facility, has filed a civil rights suit pursuant to 42 U.S.C. § 1983 with regards to the events surrounding his arrest on December 9, 2016. He names as Defendants Superior Court Buncombe County, Mission Hospital, Fire and Rescue of Asheville, and "others to be named." (Doc. No. 1 at 3).

Construing the Complaint liberally and accepting the allegations as true, E.M.S. responded to a call regarding an unresponsive man on December 9, 2016. They treated Plaintiff for heroin overdose even though Plaintiff was only snoring and suffering a diabetic blood sugar emergency. E.M.S. claimed that Plaintiff had a white, powdery substance. On the way to the hospital, Plaintiff had seizures "from likely narcan mix." (Doc. No. 1 at 4). The Asheville Police Department responded to a dispatch for a drug overdose although there was no mention of drugs or

1

paraphernalia at the scene or upon Plaintiff's arrest. At the hospital, Plaintiff was given painful shock treatments and seizure medication. A male nurse and male technician said that Plaintiff voluntarily reached into his pocket and pulled out a film canister in his pocket that contained a large amount of drugs. Plaintiff was arrested and has been at a detention facility since December 11, 2016 with no bond hearing, court appearance, or court date except for when he tried to replace his lawyer. Plaintiff has tried at least three times to invoke his right to a speedy trial but he has been unsuccessful. Plaintiff was not given a health screening upon entering custody. He now has "lots of bumps and spots" all over his body and is being housed in a dorm with an inmate who carries Hepatitis and another who has AIDS. (Doc. No. 1 at 6). Health violations are occurring with regards to food in the facility. Food is brought to the dorm and is handled by random inmates without gloves who have not been subjected to tuberculosis and Hepatitis screenings in violation of health codes. Plaintiff was well on his way to earning an engineering degree and has been taken away from his children, pregnant girlfriend, and mother.

Plaintiff alleges that his pretrial detention is being used as a weapon to force him into a plea agreement and that Defendants are being deliberately indifferent to his rights.

Plaintiff seeks $50 million because seizures destroyed his brain cells, and because he has been taken away from his career and family.

**II. STANDARD OF REVIEW**

Because Plaintiff is a prisoner proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory

or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). A complaint should not be dismissed for failure to state a claim "unless 'after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'" Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)).

A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a *pro se* complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). A *pro se* complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); see Ashcroft v. Iqbal, 556 U.S. 662 (2009) (the Twombly plausibility standard applies to all federal civil complaints including those filed under § 1983). This "plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). He must articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief. Id.

**III.    DISCUSSION**

"Section 1983 imposes liability on state actors who cause the deprivation of any rights,

3

privileges or immunities secured by the Constitution." Loftus v. Bobzien, 848 F.3d 278, 284 (4th Cir. 2017) (quoting Doe v. Rosa, 795 F.3d 429, 436 (4th Cir. 2015)). To state a claim under § 1983, a plaintiff must allege that the defendant, acting under the color of law, violated her federal constitutional or statutory rights and thereby caused injury. Crosby v. City of Gastonia, 635 F.3d 634, 639 (4th Cir. 2011).

The Superior Court Buncombe County is not a "person" who is subject to suit under § 1983. See generally Will v. Michigan Dept. of State Police, 491 U.S. 58 (1978)("person" does not encompass states and state agencies); see, e.g., Wood v. Com. of Va., 320 F.Supp. 1227, 1228 (W.D. Va. 1971) (§ 1983 does not include either a state or a state court).

"Asheville Fire & Rescue" does not exist. Plaintiff fails to either adequately identify the party against whom he intends to proceed or state the basis for § 1983 liability. See generally Pembaur v. City of Cincinnati, 475 U.S. 469, 485 (1986); Monell v. Dep't of Social Servs., 436 U.S. 658, 694 (1978).

The Mission Hospital appears to be a private entity and Plaintiff has failed to explain how its actions are "fairly attributable to the State." DeBauche v. Trani, 191 F.3d 499, 506 (4th Cir. 1999) (quoting Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982) (if the defendant is not a state actor, there must be a "sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions.").

Plaintiff's reference to "others to be named" is also insufficient. John Doe suits are permissible only against "real, but unidentified, defendants." Schiff v. Kennedy, 691 F.2d 196, 197 (4th Cir. 1982). The designation of a John Doe defendant "is generally not favored in federal courts; it is appropriate only when the identity of the alleged defendant is not known at the time the complaint is filed and the plaintiff is likely to be able to identify the defendant after further

4

discovery." Njoku v. Unknown Special Unit Staff, 217 F.3d 840, 840 (4th Cir. 2000). "[I]f it does not appear that the true identity of an unnamed party can be discovered through discovery or through intervention by the court, the court could dismiss the action without prejudice." Schiff, 691 F.2d at 197-98 (because it appeared that John Doe was an actual person, it was error for the district court to conclude that, under appropriate circumstances, this type of case would not be permitted). Plaintiff has made no attempt to identify the individuals against whom he intends to proceed.

Plaintiff's claims are too vague and conclusory to facially state the violation of any constitutional right. See Fed. R. Civ. P. 8(a)(2) (requiring a short and plain statement of the claim); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient).

Moreover, Plaintiff appears to ask the Court to interfere in ongoing State court proceedings. As a general matter, federal courts must refrain from staying or enjoining pending state prosecutions except under special circumstances. Younger v. Harris, 401 U.S. 37 (1971). Younger v. Harris, 401 U.S. 37 (1971). The Younger abstention doctrine extends to state civil proceedings that are akin to criminal prosecutions, Huffman v. Pursue Ltd., 420 U.S. 592 (1972), or that implicate a state's interest in enforcing the orders and judgments of its courts, Pennzoil Co. v. Texaco Inc., 481 U.S. 1 (1987). Proceedings fitting within the Younger doctrine include state criminal prosecutions, civil enforcement proceedings, and civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions. New Orleans Public Serv., Inc. v. Council of City of New Orleans, 491 U.S. 350, 367-68 (1989).

A federal court may disregard Younger's mandate to abstain from interfering with ongoing state proceedings only where extraordinary circumstances exist that present the possibility of irreparable harm. Robinson v. Thomas, 855 F.3d 278, 285 (4th Cir. 2017) (internal quotations omitted).

For all the foregoing reasons, the Complaint is insufficient to proceed at this time.

### IV.    PENDING MOTIONS

**(1)    Motion for the Appointment of Counsel**

The Complaint includes a request for the appointment of counsel. Plaintiff argues that a lawyer will bring "necessary clarity" to the case. (Doc. No. 1 at 6).

There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). This case does not present exceptional circumstances that justify appointment of counsel.

Therefore, the motion to appoint counsel that is incorporated in the Complaint will be denied.

**(2)    Motions to Amend**

Plaintiff's Letters, (Doc. Nos. 9, 10), and "Amendment of Claim" (Doc. No. 11), are construed as Motions for Leave to Amend Complaint. They will be denied because Plaintiff has not attached a proper proposed Amended Complaint to his motions. Rather, Plaintiff seeks to supplement the original complaint with additional claims.

In order to amend his Complaint, Plaintiff may not simply add allegations or parties to his existing Complaint. Rather, he must submit a proposed Amended Complaint within 14 days of this Order that contains all claims he intends to bring in this action against all Defendants he intends

to sue. He will not be permitted to amend his Complaint in piecemeal fashion. Plaintiff is reminded that, despite his *pro se* status, he must comply with all applicable procedures and rules including the Federal Rules of Civil Procedure and the Court's Local Rules. His attention is particularly drawn to Rule 8(a)(2) of the Federal Rules of Civil Procedure, which requires a "short and plain" statement of the claim that explains how each of the Defendants violated his rights. Any Amended Complaint will supersede the original Complaint and therefore any Defendants or claims not contained in the Amended Complaint will be waived. Plaintiff's failure to timely file an Amended Complaint that complies with this Order will result in this case being dismissed and closed without prejudice and without further notice to Plaintiff.

## IV. CONCLUSION

For the foregoing reasons, the Complaint will be dismissed for facial insufficiency, the incorporated motion for appointment of counsel will be denied, and Plaintiff's motions to amend will be denied without prejudice to file an Amended Complaint that complies with this Order within 14 days.

**IT IS THEREFORE ORDERED** that:

(1) The Complaint, (Doc. No. 1), is **DISMISSED** as facially insufficient pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

(2) Plaintiff shall have **fourteen (14) days** in which to file an Amended Complaint in accordance with this Order and all applicable rules and procedures. If Plaintiff fails to file an Amend Complaint in accordance with this Order, this action will be dismissed and closed without prejudice and without further notice to Plaintiff.

(3) The Clerk is directed to mail a copy of a new Section 1983 complaint form to Plaintiff.

(4) Plaintiff's Letters, (Doc. No. 9, 11), and "Amendment of Claim," (Doc. No. 10), are

construed as Motions for leave to file an Amended Complaint and **are GRANTED** in part and DENIED in part as stated in this Order.

Signed: April 9, 2018

Frank D. Whitney
Chief United States District Judge