DISTRICT COURT OF THE UNITED STATES
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:17-cv-335-FDW

| ULYSSES BURRAGE, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) |  |
|  | ) | **ORDER** |
| SUPERIOR COURT OF BUNCOMBE COUNTY, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |
|  | ) |  |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Amended Complaint, (Doc. No. 15). He is proceeding *in forma pauperis*. (Doc. No. 8).

**I.     BACKGROUND**

*Pro se* Plaintiff, a pretrial detainee at the Buncombe County Detention Facility, filed a civil rights suit pursuant to 42 U.S.C. § 1983 with regards to the events surrounding his arrest on December 9, 2016. The Complaint was dismissed without prejudice on initial review for failure to state a claim. (Doc. No. 12). He was permitted to file an Amended Complaint which is now before the Court on initial review. He names as Defendants **"BCEMS," "BCFD," "APD,"** Mission Hospital Doctor Andy **Bell**, Buncomb County Medic Robert **Mitchell**, Mission Hospital Emergency Room Tech Edward **Simonic**, and Mission Hospital Nurse/Emergency Room Tech Korey **Ramsey**, Buncombe County Firefighter Zachary P. **Wetmore**, Mission Hospital Doctor Terrence W. **Burt**, and **Greyhound LLC**.

Construing the Amended Complaint liberally and accepting the allegations as true, Plaintiff was in a deep sleep on December 9, 2016, on a Greyhound bus. He was awakened when the Fire Department administered something to him that impaired his abilities to see, hear, and speak. He

1

saw "B.C.F.D. and BC.E.M.S." unloading the bus. (Doc. No. 15 at 12). Plaintiff felt like medics were pricking him all over his body. He must have blacked out then noticed "A.P.D." (Id.). Plaintiff was asked if he could walk, he said "yes," and stood up. (Id.). He was asked if he had any guns, knives, or needles, and shook his head no. A.P.D. then searched him and escorted him off the bus, then he blacked out again. When he came to, he was awakened by a very painful stimulation and B.C.E.M.S. had administered Narcan for the second time in 30 minutes. Plaintiff kept saying "no" and asked why he was being administered a shock treatment when he was saying "no." (Id.).

The "nurse tech" said he found drugs in Plaintiff's left pocket where there was a bulge. (Id.). If Plaintiff had drugs in his pocket, A.P.D. would have found them before he was handcuffed. There are no drugs to produce and Plaintiff never consented to the search and seizure. Plaintiff has not been given discovery in the case or any evidence of fingerprints on the evidence recovered by the Mission Hospital techs. Someone forged Plaintiff's name stating he gave Mission Hospital permission to search him. If Plaintiff denied treatment and was being held without permission, he would not consent to the search of his person. This is "official oppression and official misconduct" as well as cruel and unusual punishment. (Doc. No. 15 at 13). Buncombe County "staff and employees" overdosed Plaintiff on Narcan, which caused him to pass out repeatedly. (Id.). Doctor Baldwin was called due to Plaintiff refusing all treatment and Plaintiff is now being held against his will. Plaintiff further claims that the woman who made him swallow a Narcan pill two times lied in a statement that it was a Skittle. (Doc. No. 15 at 5).

On December 12, 15, and 16, 2017, Captain Albright denied Plaintiff food to punish him for personal disputes. Plaintiff requested a grievance which was denied by Albright and other Buncombe County staff who said it was not grievable, and who said Plaintiff would be segregated and brought up on disciplinary charges if he "continue[d] to push." (Doc. No. 15 at 14).

Robert Mitchell signed Plaintiff's name without permission at 10:55 PM.

Plaintiff claims that his injuries are: "heavy mental burdens, migraines, seizures come in go." (Doc. No. 15 at 5). Plaintiff seeks dismissal of all charges, damages, free healthcare for life, and that staff be "reclassed" or fired. (Doc. No. 15 at 5, 15).

## II.  STANDARD OF REVIEW

Because Plaintiff is a prisoner proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). A complaint should not be dismissed for failure to state a claim "unless 'after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'" Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)).

A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a *pro se* complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). A *pro se* complaint must

still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); see Ashcroft v. Iqbal, 556 U.S. 662 (2009) (the Twombly plausibility standard applies to all federal civil complaints including those filed under § 1983). This "plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). He must articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief. Id.

### III. DISCUSSION

**(1) Parties**

To state a claim under § 1983, a plaintiff must allege that she was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999). The color of law requirement "excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Id. at 50 (internal quotations omitted). In rare cases, the state can "so dominate[] [private] activity as to convert it to state action." Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 181 (4th Cir. 2009). To satisfy the state action requirement, a plaintiff must demonstrate that the conduct at issue is "fairly attributable to the State." Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982). Conduct is fairly attributable to the state where: (1) it is "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible;" and (2) where the party charged with the deprivation is a person who may "fairly be said to be a state actor." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999). "Without state action, [plaintiff] has no § 1983 claim." Thomas

v. Salvation Army Southern Territory, 841 F.3d 632, 637 (4th Cir. 2016) (affirming dismissal pursuant to § 1915(e)(2)(B)(ii) where plaintiff did not allege any facts that even remotely suggested that defendants' actions were attributable to the state).

"To implicate 42 U.S.C. § 1983, conduct must be 'fairly attributable to the State.'" DeBauche v. Trani, 191 F.3d 499, 506 (4th Cir. 1999) (quoting Lugar, 457 U.S. at 937. If the defendant is not a state actor, there must be a "sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions." DeBauche, 191 F.3d at 506.

BCMS, BCFD, APD, and Greyhound LLC are not "persons" under § 1983. See, e.g., Moore v. City of Asheville, 290 F.Supp.2d 664, 673 (W.D.N.C. 2003), *aff'd*, 396 F.3d 385 (4th Cir. 2005) (holding in a § 1983 case that "under North Carolina law, the Asheville Police Department is not a 'person' and, therefore, lacks the capacity to be sued.").

Greyhound and the employees of Mission Hospital are private parties and Plaintiff has failed to explain how their actions are "fairly attributable to the State." DeBauche, 191 F.3d at 506.

To the extent Plaintiff names individuals in the body of the Amended Complaint who are not named as Defendants, these claims are, too, insufficient to proceed. See Fed. R. Civ. P. 10(a) ("[i]n the complaint the title of the action shall include the names of all the parties."); see Myles v. United States, 416 F.3d 551 (7th Cir. 2005) ("to make someone a party the plaintiff must specify him in the caption and arrange for service of process."); see, e.g., Londeree v. Crutchfield Corp., 68 F.Supp.2d 718 (W.D. Va. Sept. 29, 1999) (granting motion to dismiss for individuals who were not named as defendants in the compliant but who were served).

Therefore, the claims against BCMS, BCFD, APD, Greyhound LLC, the Mission Hospital employees, and the claims against individuals not named as Defendants will be dismissed.

**(2)** **Cruel and Unusual Punishment**

The Eighth Amendment prohibits punishments that "involve the unnecessary and wanton infliction of pain."[1] Estelle v. Gamble, 429 U.S. 97, 103 (1976) (quoting Gregg v. Georgia, 428 U.S. 153, 173 (1976)). "It not only outlaws excessive sentences but also protects inmates from inhumane treatment and conditions while imprisoned." Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). The Constitution "does not mandate comfortable prisons, … but neither does it permit inhumane ones." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Rhodes v. Chapman, 452 U.S. 337, 349 (1981)). Thus, prison official must provide sentenced prisoners with adequate food, clothing, shelter, and medical care, and "take reasonable measures to guarantee the[ir] safety…." Hudson v. Palmer, 468 U.S. 517, 526-27 (1984); see Farmer, 511 U.S. at 832-34. Inmates' claims that prison officials disregarded specific known risks to their health or safety are analyzed under the deliberate indifference standard of the Eighth Amendment. See Pressly v. Hutto, 816 F.2d 977, 979 (4th Cir.1987).

Plaintiff alleges that he was wrongfully administered Narcon and other treatment against his will when he was found heavily sleeping in a Greyhound bus. Plaintiff admits that he was sleeping very heavily and did not awaken until after he had been administered Narcon. He fell unconscious again and awakened after he was given Narcon for a second time, and that he said no when he awakened to shock treatment. Plaintiff has failed to demonstrate that emergency responders acted with deliberate indifference to a specific known risk to Plaintiff's health and

---

[1] Because Plaintiff was an arrestee or pre-trial detainee at the relevant times, his deliberate indifference claim is properly brought under the Fourteenth Amendment, rather than the Eighth Amendment, but the analysis is the same. See City of Revere v. Mass. Gen. Hosp., 463 U.S. 239 (1983); see also Martin v. Gentile, 849 F.2d 863 (4th Cir. 1988) (applying the Fourteenth Amendment to an arrestee's deliberate indifference claim); but see Kingsley v. Hendrickson, 135 S. Ct. 2466, 2473, 2475 (2015) (holding that the test for excessive force claims brought by pretrial detainees under the Fourteenth Amendment differs from the test for excessive force claims brought by convicted prisoners under the Eighth Amendment); see Lanier v. Henderson Cnty. Det. Ctr., 2016 WL 7007537 at *2, n. 3 (W.D.N.C. Nov. 29, 2016) (noting that the Supreme Court in Kingsley did not explicitly extend the objective reasonableness standard outside the excessive force context).

safety by providing treatment when he was heavily asleep and/or unconscious. His cruel and unusual punishment claim with regards to the medical treatment will therefore be dismissed.

On December 12, 15, and 16, 2017, Captain Albright denied Plaintiff food to punish him for personal disputes. Plaintiff requested a grievance which was denied by Albright and other Buncombe County staff who said it was not grievable, and who said Plaintiff would be segregated and brought up on disciplinary charges if he "continue[d] to push." (Doc. No. 15 at 14). Plaintiff has failed to name Albright as a Defendant in this action, therefore, this claim cannot proceed.

Therefore, Plaintiff's claims of cruel and unusual punishment will be dismissed.

**(3)** **Illegal Search & Arrest**

The Fourth Amendment provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. Amend. IV. Searches conducted pursuant to a validly issued warrant carry a presumption of legality which can be overcome "if the scope of the search exceeds that permitted by the terms of the validly issued warrant … the subsequent seizure is unconstitutional." Wilson v. Layne, 526 U.S. 603, 611 (1999). Absent a recognized exception to the warrant requirement, a search may not encompass items not specified within the warrant. Buonocore v. Harris, 65 F.3d 347 (4th Cir. 1995) (citing Bivens v. Six Unknown Named Agents, 403 U.S. 388, 394 n.7 (2001) ("the Fourth Amendment confines an officer executing a search warrant strictly within the bounds set by the warrant…."). Those conducting the search may only actively search for the items listed in the warrant. Buonocore, 65 F.3d at 356.

Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus pursuant to 28 U.S.C. § 2254, and a complaint under the Civil Rights act, § 1983. Muhammad v. Close, 540 U.S. 749, 750 (2004). "Habeas corpus, and not § 1983, is

7

the exclusive federal remedy for state prisoners seeking actual release from confinement," Griffin v. Baltimore Police Dep't, 804 F.3d 692, 694–95 (4th Cir. 2015) (citing Preiser v. Rodriguez, 411 U.S. 475, 487–90 (1973)), and "requests for relief turning on circumstances of confinement may be presented in a § 1983 action," Muhammad, 540 U.S. at 750. Some cases are "hybrids," where a prisoner seeks damages, which are unavailable through a habeas action, but on allegations that either imply the invalidity of an underlying conviction or of a particular ground for denying relief short of serving the maximum term of confinement. Id. To address this situation, the Supreme Court held in Heck v. Humphrey, 512 U.S. 477 (1994), that:

> to recover damages for … harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction and sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus….

Id. at 485.

For Heck to bar a § 1983 claim, (1) a judgment in favor of the plaintiff [must] necessarily imply the invalidity of [a plaintiff's] conviction or sentence, and (2) the claim must be brought by a claimant who is either (i) currently in custody or (ii) no longer in custody because the sentence has been served, but nevertheless could have practicably sought habeas relief while in custody. Heck, 512 U.S. at 487; Covey v. Assessor of Ohio Cty., 777 F.3d 186, 197 (4th Cir. 2015).

Further, federal courts must refrain from staying or enjoining pending state prosecutions except under special circumstances. Younger v. Harris, 401 U.S. 37 (1971). The Younger abstention doctrine extends to state civil proceedings that are akin to criminal prosecutions, Huffman v. Pursue Ltd., 420 U.S. 592 (1972), or that implicate a state's interest in enforcing the orders and judgments of its courts, Pennzoil Co. v. Texaco Inc., 481 U.S. 1 (1987). Proceedings fitting within the Younger doctrine include state criminal prosecutions, civil enforcement

8

proceedings, and civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions. New Orleans Public Serv., Inc. v. Council of City of New Orleans, 491 U.S. 350, 367-68 (1989). A federal court may disregard Younger's mandate to abstain from interfering with ongoing state proceedings only where extraordinary circumstances exist that present the possibility of irreparable harm. Robinson v. Thomas, 855 F.3d 278, 285 (4th Cir. 2017) (internal quotations omitted).

Plaintiff alleges that he was illegally arrested after he was found heavily sleeping on a Greyhound bus and was treated for a suspected drug overdose, and that a nurse tech said he found drugs in Plaintiff's left pocket where there was a bulge, however, officers would have found any drugs when they handcuffed him. Plaintiff asks, *inter alia*, that the charges be dismissed.

Plaintiff was a pretrial detainee at the time he filed the Complaint and he has failed to update the Court with regards to the status of his criminal charges. It is not clear on the record presently before the Court whether Plaintiff's Fourth Amendment claim is barred by Heck or Younger. See, e.g., Alipui v. Byerson, 638 Fed. Appx. 214, 216 (4th Cir. 2016) (permitting an illegal seizure claim to proceed because it was not clear that the evidence seized during plaintiff's arrest on state charges was used to secure his federal convictions such that success on his search and seizure claims would not necessarily imply that his federal convictions were invalid, and additionally, he did not plead facts in his § 1983 complaint that were inconsistent with his guilty pleas to the federal charges).

Plaintiff has failed to name any police officer as a Defendant in this matter and therefore the illegal arrest claim cannot proceed. Plaintiff's vague and conclusory allegations also fail to identify which hospital worker allegedly found drugs on him and, in any event, hospital employees are private parties as stated in Section (1), *supra*. Therefore, Plaintiff's Fourth Amendment claims

9

will be dismissed.

## IV. CONCLUSION

For the foregoing reasons, the Amended Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS THEREFORE ORDERED** that:

(1) The Amended Complaint, (Doc. No. 15), is **DISMISSED** as facially insufficient pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

(2) The Clerk of Court is directed to close this case.

Signed: August 30, 2018

Frank D. Whitney
Chief United States District Judge